## IN RE DISBARMENT OF ALFRED M. JOYCE.[1]

December 26, 1930.

No. 27,336.

*Oscar G. Haugland* and *Wilfrid E. Rumble,* for state board of law examiners.

*Thompson, Hessian & Fletcher,* for respondent.

PER CURIAM.

Proceeding by the state board of law examiners for the disbarment or discipline of Alfred M. Joyce, an attorney at law. The original petition alleged 19 charges of misconduct and the supplemental two. Respondent denied all allegations of misconduct and averred that the proceeding was not brought in good faith. Honorable Mathias Baldwin, a judge of the fourth judicial district, was appointed referee to take the testimony and report findings. This he did, and upon his report and exhaustive briefs and oral arguments the charges against respondent were submitted for decision.

[1]Reported in 234 N. W. 9.

No attempt was made to establish a few of the charges, and as to some the findings absolve respondent of misconduct. But there are several where the findings and the admissions of respondent do warrant the conclusion that he has been guilty of unprofessional conduct. Those only which we deem sufficiently established to warrant discipline will be referred to.

In an action wherein respondent had obtained a verdict for $100, a stipulation for settlement was made for $150. Notwithstanding the payment of that sum, respondent caused judgment to be entered for $169, and when the attorneys for the other party demanded that respondent satisfy the same, he refused. Only after a motion was served to compel a satisfaction was the judgment satisfied. No satisfactory excuse is given for the entry of the judgment nor for compelling the other party to go to the trouble of applying to the court for redress. Respondent's course herein was not that of an honorable practitioner. An adversary in a lawsuit is entitled to fair treatment.

In another instance respondent, who during all the time involved in the charges was county attorney, procured the dismissal of an abandonment proceeding and the discharge of the bail bond of the defendant therein by misrepresenting to the trial court that a previous proceeding was still pending wherein a sufficient bond was in force, whereas the proceeding had recently been dismissed. The circumstances surrounding the abandonment proceeding hardly excuse respondent on the basis of forgetfulness or mere negligence.

There are also two instances where claims of a client were lost or allowed to outlaw through respondent's forgetfulness or neglect to attend to their prosecution.

The matters alluded to taken separately, though censurable, would not merit disbarment or suspension; but there are two other charges of somewhat graver misconduct that appear to us to be sustained by the findings, taken in connection with the admissions in respondent's testimony as to the part he played therein. These are that as county attorney, by the use of criminal process, he sought to enforce his client's claims. The substance of the one is that one

Gephart retained respondent to enforce a contract wherein one McPhee agreed during a certain period to stay out of the undertaking business sold to Gephart. McPhee engaged in such business under a trade name. Respondent wrote McPhee to desist, but received no answer. Then respondent suggested criminal proceedings because no affidavit was on file as required by law to show what persons the trade name covered. Two criminal proceedings were brought in justice courts, the complaint in each case being drawn by respondent, and under one of which McPhee was arrested. That no fee was received by respondent and that subsequently to the attempted criminal proceeding another attorney was retained instead of respondent in the suit to enforce the civil contract does not militate against the improper attempt to make use of his office as a prosecutor to coerce an enforcement of his client's civil rights.

The other matter wherein the same course was pursued was where a child of one Mrs. Wolfe was injured by an automobile owned and driven by one Mrs. McTigue. Respondent was retained by Mrs. Wolfe to obtain damages from Mrs. McTigue for the injuries to the child. Subsequent to being so employed respondent demanded payment of Mrs. McTigue, and not meeting with success he procured the indictment of Mrs. McTigue for a violation of the motor vehicle law. Mrs. McTigue was acquitted of the criminal charge. Respondent was paid no retainer by Mrs. Wolfe, but that is not important.

It is true there is no express statute against a county attorney pursuing the same person both criminally and civilly. But a moment's reflection is enough to show that those who are not county attorneys are at a disadvantage if such a practice is allowable. And a county attorney who undertakes to enforce a claim of a civil nature and at the same time institutes or instigates criminal proceedings against the party from whom the claim is due lays himself open to the suspicion of abuse of process to say the least.

The referee was impressed with the fact that a bitter political feud was going on in the municipality where respondent resided and that the brunt of it was borne by respondent, who was attempt-

ing to prosecute some of the officials for alleged crimes. Therefore the testimony produced here was carefully scrutinized. But even so, we conclude that the misconduct of respondent in his profession in the instances above outlined are so clearly established by the findings relating thereto and the admissions of respondent in the record that he should be suspended as an attorney from the practice of law in the courts of this state for the period of six months.

Let judgment be entered accordingly.

STONE, J. (dissenting).

I consider a six months' suspension inadequate.